IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SALLY RUMPF<br>Complainant, | § § § § § § § § | |
| vs. | | CIVIL ACTION NO. 5:20-cv-633 |
| THE UNITED STATES OF AMERICA,<br>Defendant | | |

**COMPLAINANT'S ORIGINAL COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT CLAIMS ACT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW SALLY RUMPF, hereinafter referred to as Plaintiff in the above styled cause, and file this Complaint for Damages against THE UNITED STATES OF AMERICA, hereinafter referred to as Defendant, and for cause of action would respectfully show this Honorable Court the following:

1.  Jurisdiction in this case is founded upon provisions of the Federal Tort Claims Act, and 28 USC § 1346(b). The amount in controversy exceeds the sum of the value of $100,000.00, exclusive of interest; costs and attorney's fees.

2.  The Plaintiff is a resident of the State of Texas. Each of the relevant facts complained of occurred at San Antonio, Bexar County, Texas within the San Antonio Division of the United States District for the Western District of Texas.

3.  Plaintiff filed a claim for damages with the United States Department of Homeland Security, which was received by the Defendant on August 27, 2018. As of February 27, 2020, more than six

months have elapsed since the claim was presented to Defendant USA. Defendant USA has not made a final disposition of Plaintiffs' claims. Accordingly, the claims of the Plaintiffs are deemed denied pursuant to 28 U.S.C. § 2675(a). A copy of the SF-95 claim form is attached to Plaintiff's Original Complaint and marked as Exhibit "A".

4. Service of Citation may be had upon the Defendant, United States of America, by serving its agent, John F. Bash, United States Attorney for the Western District of Texas and its office located at 601 N.W. Loop 410, Suite 600, San Antonio, Bexar County, Texas 78216-5597, and by sending a true and correct copy of the Complaint by Certified Mail, Return Receipt Requested, to the Honorable William Barr, Attorney General of the United States of America, the Department of Justice, 10th and Constitution N.W., Room B-112, Washington, D.C. 20530 and to the Honorable Chad F. Wolf, Acting Secretary of Homeland Security, MS 0525, Department of Homeland Security, 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528-0525.

5. On or about August 8, 2018, Plaintiff, SALLY JO RUMPF, was driving a vehicle and was stopped at a red traffic light on Huebner Road in San Antonio, Texas.

6. On that date and time, RICHARD ANTHONY PEREZ, an agent or employee of the Defendant, UNITED STATES OF AMERICA, by and through the U.S. Department of Homeland Security, was operating a 2011 Ford Taurus while in the course and scope of his employment with Defendant, UNITED STATES OF AMERICA.

7. Defendant was traveling on the same roadway and in the same direction when Defendant failed to control the speed of his vehicle and collided into Plaintiff's vehicle.

8. As a result of the collision described above, Plaintiff suffered bodily injuries and damages to her person and body generally.

9. Defendant was guilty of acts of omission and commission which constituted negligence and negligence per se, and such acts and omissions, singularly or in combination with others, were a proximate cause or causes of the collision in question and of the serious bodily injuries and damages to Plaintiff.

10. Defendant was negligent in that he violated the duty which he owed Plaintiff to exercise ordinary care in the operation of a motor vehicle in one or more of the following particulars:

    a. in failing to control the speed of the vehicle and colliding the vehicle into the Plaintiff's vehicle;

    b. in being inattentive and colliding the vehicle into Plaintiff's vehicle;

    c. in failing to keep such lookout that a person of ordinary prudence would have kept under the same or similar circumstances and colliding the vehicle into Plaintiff's vehicle;

    d. in failing to drive safely by colliding the vehicle into Plaintiff's vehicle;

    e. in failing to keep a proper lookout;

    f. in failing to apply or timely apply the brakes to the vehicle; and

    g. in driving at an excessive or unreasonable rate of speed such that he was unable to stop or prevent the vehicle from colliding into the vehicle Plaintiff was occupying.

Each of such acts and omissions, singularly or in combination with others, constitute negligence which proximately caused the collision and the injuries and damages which Plaintiff suffered.

11. Defendant was negligent per se on the date in question by engaging in conduct in violation of the following statutes, to wit:

    a. Texas Transportation Code § 545.062, by failing to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or

person on or near the highway.

b. Texas Transportation Code § 545.351, by failing to control the speed of a vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and by breaching the duty of each person to use due care.

Each of such acts and omissions, singularly or in combination with others, constitute negligence per se which proximately caused the collision and the injuries and damages which Plaintiff suffered.

12. RICHARD ANTHONY PEREZ was guilty of acts of omission and commission which constituted negligence and negligence per se while acting as an employee of Defendant, UNITED STATES OF AMERICA and while acting in the course and scope of his employment and in the furtherance of the business of Defendant, UNITED STATES OF AMERICA, and was a proximate cause or causes of the incident in question and of the property damages and serious bodily injuries and damages to the Plaintiff for which sum Plaintiff herein now sues and for which sum said Defendant is vicariously liable. Defendant, UNITED STATES OF AMERICA is liable to Plaintiff under the theory of *respondeat superior*.

13. At this time, Plaintiff seeks monetary damages of $2,030,000.00.

14. Such damages include but are not limited to property damages, past and future physical pain and mental anguish, past and future physical impairment, past and future medical care expenses, past and future damage to earning capacity and past and future disfigurement. All of said damages are a direct and proximate result of Defendant's negligence and negligence per se.

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant herein be duly cited to appear and answer herein, and that upon final hearing of this cause, Plaintiff have

and recover judgment from Defendant in an amount within the jurisdictional limits of this Court, together with post-judgment interest as allowed by law, plus reasonable costs of Court, and for such other and further relief, both general and special, at law and in equity, to which the Plaintiff may show herself to be justly entitled.

Respectfully Submitted,

TYLER & PEERY
5822 West IH-10
San Antonio, Texas 78201
(210) 340-0900 TELEPHONE
(210) 736-9197 FACSIMILE

_____
DENNIS C. PEERY
State Bar #15728750
Email: d.peery@tylerpeery.com
ATTORNEY FOR PLAINTIFF